IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David J. Sterling,<br><br>　　　　Petitioner,<br><br>vs.<br><br>Craig Apker, Complex Warden,<br><br>　　　　Respondent. | No. CIV 10-250 TUC RCC (GEE)<br><br>**REPORT AND RECOMMENDATION** |

David J. Sterling, an inmate confined in the Federal Correctional Institution in Tucson, AZ, filed a Petition for Writ of Habeas Corpus pursuant to Title 28, United States Code, Section 2241. Sterling alleges the following grounds for relief: (1) The United States Parole Commission (USPC) and the Bureau of Prisons (BOP) are denying him parole by requiring him to complete mental health treatment and denying him the opportunity to receive that treatment. Moreover, the BOP is refusing to transfer him to a correctional institution in the Third Circuit where he would receive mandatory parole; (2) the USPC abused its discretion by denying him parole; and (3) the BOP erred when it restructured the running of his sentence for his § 924(c) conviction.

Pursuant to the Rules of Practice of this Court, this matter was referred to Magistrate Judge Edmonds for a Report and Recommendation.

The petition should be denied. Claims 1 and 2 should be denied on the merits. Claim 3 should be dismissed as successive.

## SUMMARY OF THE CASE

Sterling pleaded guilty to four counts of armed bank robbery and one count of using a weapon during a crime of violence pursuant to 18 U.S.C. § 924(c). (Respondent's answer, p. 2.) He committed the robberies after having "escaped from Western State Hospital, Washington, where he had been committed after pleading guilty to four counts of rape and one count of assault." (Petition, Ex. 6; Ex. 23.) He was given a life term for each rape, but the sentence was suspended because Sterling "was found to be a sexual psychopath." *Id*.

On January 26, 1987, the trial court sentenced him to a 100-year term of incarceration for the robberies and a consecutive 5-year term for the weapon's charge. *Id.* The weapon's charge is not parole-eligible.

At first, the BOP administered Sterling's sentence as though his non parole-eligible weapon's charge was served first. After the Supreme Court decided *U.S. v. Gonzalez*, 520 U.S. 1, 117 S.Ct. 1032 (1997), the BOP changed its policy and recalculated Sterling's sentence running his robbery convictions first. *Id.*

On March 15, 2000, the USPC conducted a parole hearing. (Respondent's answer, p. 3.) The hearing officer determined that Sterling's parole guideline range was 146-212 months. (Petition, Exhibit 25.) Nevertheless, the hearing officer decided the guideline range was inappropriate for the following reasons:

> [A] decision above the guideline range is warranted based on the following pertinent aggravating factors: You have a history as a sexual psychopath based on convictions in 1996, 1982, and 1972 with victims who were very vulnerable between the ages of 11 through 22. Also many of your crimes involved threatening the victims with guns. During the course of your custody, you have not received psychological counseling to address your sexual psychopathic tendencies. Therefore, by not receiving treatment the likelihood of committing these types of crimes in the future remain.

(Petition, Exhibit 25.) The officer continued the matter for a reconsideration hearing 15 years hence, in March of 2015. (Respondent's answer, p. 3.) When Sterling appealed, the National Appeals Board modified the officer's guideline range calculation to 146-208 months but otherwise affirmed the decision of the hearing officer. *Id*.

1    On December 12, 2000, Sterling filed his first Petition for Writ of Habeas Corpus. (Respondent's answer, pp. 2-3.)  He argued, among other things, that the USPC improperly conditioned parole on his receiving mental health treatment, which they refused to make available to him.  *Id.*, p. 3.  On July 25, 2002, the District Court granted Sterling's motion to dismiss the petition without prejudice.  (Respondent's answer, Exhibit 3.)

The USPC conducted an interim hearing on March 2, 2003, at which time Sterling argued he was entitled to a release date within his guideline range pursuant to *Lyons v. Mendez*, 303 F.3d 285 (3rd Cir. 2002).  (Respondent's answer, pp. 3-4.)  The examiner declined to apply *Lyons* because Sterling was not being held in the Third Circuit.  *Id.*, p. 4.  Sterling appealed, but the National Appeals Board affirmed on August 5, 2004.  *Id.*

On April 15, 2003, Sterling filed his second Petition for Writ of Habeas Corpus arguing he was entitled to a parole release date within his guideline range.  *Id.*  The District Court granted the petition, and the USPC issued a Notice of Action setting Sterling's parole eligibility date to June 13, 2003.  *Id.*, p. 4.  The Tenth Circuit reversed, however, and the USPC issued another Notice of Action vacating its prior ruling and reinstating Sterling's 15-year reconsideration date for March of 2015.  *Id.*, pp. 4-5.

On May 19, 2004, Sterling filed his third Petition for Writ of Habeas Corpus arguing the BOP erred when it recalculated the running of his 5-year non-parole-eligible offense and the USPC acted arbitrarily when it calculated his parole eligibility.  *Id.*, p. 5.  The District Court denied the petition on November 20, 2007.  (Respondent's answer, Exhibit 6.)

In the instant Petition for Writ of Habeas Corpus, filed on April 28, 2010, Sterling raises the following claims:

> (1) The United States Parole Commission (Commission) and the Bureau of Prisons (BOP) are denying Petitioner parole solely because he is unable to obtain mental health treatment which the Commission finds acceptable . . . Further, the Commission has made Petitioner's parole contingent on receiving unspecified mental health treatment which the BOP refuses to make available, thereby extending Petitioner's term of imprisonment by 10 years. [Petitioner also contends that he would be parole eligible in the Third Circuit, but the Commission and the BOP refuse to transfer him there, which Petitioner contends violates his right to a speedier release and] raises the specter of equal protection of law.

(2) It is irrational, arbitrary and an abuse of discretion for the Commission to grant Petitioner parole on one hand and deny parole on the other hand. Even more irrational is that both were done on the same set of facts and circumstances. [Petitioner claims that] it is extremely irrational, arbitrary and unreasonable for the Commission to deny Petitioner parole and depart from the guidelines based solely on Petitioner's complete lack of treatment, . . . and at the same time parole Petitioner on the same basis the parole was denied.

(3) The BOP has restructured Petitioner's sentence for 924(c) in such a way that extends Petitioner's time to serve prior to parole.

(Doc 5, pp. 1-2.)

The respondent filed an answer on July 23, 2010. The respondent concedes Sterling's claims are exhausted but argues the petition should be dismissed as successive or an abuse of the writ. In the alternative, the respondent argues the petition should be denied on the merits.

In his first claim, Sterling maintains the USPC and the BOP "are denying Petitioner parole solely because he is unable to obtain mental health treatment which the Commission finds acceptable." (Doc 5, pp. 1-2.) He argues the USPC and the BOP have conspired to prevent him from obtaining this mental health treatment.

This claim arises from the report issued by the USPC hearing officer following his parole hearing on March 15, 2000. In that report, the officer concluded that a parole determination within the guideline range was inappropriate in part because Sterling "has a history as a sexual psychopath" and had not "received psychological counseling to address [his] sexual psychopathic tendencies." (Petition, Exhibit 25.)

As an initial matter, the respondent argues this claim should be dismissed because it was raised before in Sterling's first petition for writ of habeas corpus. In general, the court need not entertain any issue presented in a petition for writ of habeas corpus challenging the detention of a federal prisoner if "the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus. . . ." 28 U.S.C. § 2244(a). This general rule barring successive habeas petitions applies to petitions brought pursuant to § 2241. *Chambers v. U.S.*, 106 F.3d 472, 475 (2nd Cir. 1997); *Johnson v. U.S.*, 2009 WL 1077389 (E.D.Cal. 2009).

- 4 -

1	Sterling raised this claim in his first 2241 petition. That petition, however, was not
2	decided on the merits. Instead, the district court dismissed the petition without prejudice on
3	Sterling's motion. Because this claim was never resolved by any federal court, Sterling is not
4	precluded from raising it now. *See* 28 U.S.C. § 2244(a). The claim, however, should be denied
5	on the merits.

6	Sterling asserts the USPC and the BOP "are denying Petitioner parole *solely* because he
7	is unable to obtain mental health treatment which the Commission finds acceptable." (Petition,
8	continuation 4(a)-5(a)) (emphasis added). Sterling is incorrect. The USPC departed from the
9	standard guideline range for a number of reasons: (1) Sterling's history as a sexual psychopath
10	based on convictions in 1996, 1982, and 1972, (2) the vulnerable nature of his victims, (3) his
11	use of guns to threaten his victims, and (4) his failure to receive psychological counseling to
12	address his sexual psychopathic tendencies. (Petition, Exhibit 25.) Sterling's failure to receive
13	mental health treatment was only one factor among many cited by the hearing officer.
14	Accordingly, he cannot show that his failure to receive mental health treatment alone resulted
15	in the officer's adverse decision. Moreover, even if he could make this showing, Sterling
16	cannot show it was error for the USPC to include this factor in the parole determination.

17	"The scope of judicial review of the Commission's parole decision, however, is
18	exceedingly narrow." *Walker v. U.S.*, 816 F.2d 1313, 1316 (9th Cir. 1987). "Judgments
19	involving a broad range of factors that the Commission takes into account in arriving at its
20	decision are committed to the Commission's discretion and are unreviewable even for abuse of
21	discretion." *Id*. "If the Commission's decision involves the exercise of judgment among a
22	range of possible choices or options, it is unreviewable." *Id*. (internal punctuation removed)
23	"But a decision that involves a plain violation of a matter which does not admit of discretion
24	and choice (such as the failure to follow certain statutory requirements) is reviewable." *Id*.
25	"For instance, if the Commission has rendered a parole decision 'notwithstanding' or 'above'
26	the guidelines, a court may consider whether the Commission failed to show 'good cause' for
27	doing so, but may only inquire whether that showing was arbitrary, irrational, unreasonable,
28

1 irrelevant, or capricious." *Id.* "Finally, a court may consider constitutional challenges and
2 determine whether the Commission's action was so arbitrary as to violate due process." *Id.*
3       The court will assume, without deciding, that a requirement conditioning Sterling's
4 parole on mental health treatment that the BOP refuses to provide would be "arbitrary,
5 irrational, irrelevant, or capricious." The BOP, however, did not impose such a requirement.
6       Sterling is currently incarcerated at USP Tucson, and has been there since November 4,
7 2008. (Respondent's answer, Exhibit 7.) To date, he has had "numerous contacts with the
8 Psychology Department." *Id.* He "has been offered and enrolled in treatment groups at USP
9 Tucson." *Id.* There is no indication in the record that the treatment currently offered at USP
10 Tucson will be considered insufficient or inadequate at the next parole review hearing.
11 Accordingly, Sterling cannot show the BOP and USPC are currently failing to provide him with
12 adequate mental health services.
13       In 2000, when this issue was first raised, Sterling was housed in the United States Prison,
14 Administrative Maximum, Florence, Colorado (ADX). (Respondent's answer, Exhibit 2.,p.
15 1.) Sterling maintains the mental health treatment programs at that facility were inadequate to
16 address the concerns of the USPC. *See* (Petition, Exhibit 18.) Assuming he is correct in his
17 characterization of the treatment options available at ADX, the record does not indicate that
18 Sterling's lack of access to quality treatment stemmed from the ill will of the USPC or the BOP.
19       ADX is a high security unit. (Petition, Exhibit 19.) The availability of treatment
20 programs there are restricted, not because of BOP caprice, but due to the increased level of
21 security maintained at that facility. *See* (Petition, Exhibits 18, 20.) Moreover, nothing in the
22 record supports the theory that Sterling was transferred to ADX for the purpose of limiting his
23 treatment options. On the contrary, the record indicates he was transferred to ADX because
24 the officials at the Wisconsin Department of Corrections, where he was located previously,
25 "indicated they could no longer guaranteed his safety within their system." (Petition, Exhibit,
26 19.)

1  Assuming without deciding that Sterling spent part of his incarceration in a facility that
2  lacked adequate mental health treatment options, he has not shown that this fact is part of some
3  kind of conspiracy between the USPC and the BOP to deny him parole.

4  Sterling further argues he would be parole eligible in the Third Circuit, but the
5  Commission and the BOP refuse to transfer him there, which violates his right to a speedier
6  release and "raises the specter of equal protection of law." (Petition, continuation, p. 4(a)-5(a).)
7  Sterling is incorrect.

8  Prisoners do not have a constitutional right to incarceration in any particular institution
9  or any particular state. *See Olim v. Wakinekona*, 461 U.S. 238, 244-48 (1983); *Cleveland v.*
10 *Stokes*, 2008 WL 1925202, 1 (N.D.Cal. 2008). They therefore have no constitutional right to
11 a prison transfer even if they believe transfer would be to their legal advantage. *See Rizzo v.*
12 *Dawson*, 778 F.2d 527, 530 (9th Cir.1985).

13 The fact that prisoners in Arizona or Colorado (which are located in the Ninth and Tenth
14 Circuits respectively) do not benefit from legal decisions handed down by the Third Circuit is
15 a natural consequence of our system of independent federal circuits. *See Castillo-Felix v. INS*,
16 601 F.2d 459, 467 (9th Cir.1979), *superceded by statute on other grounds recognized in Escobar*
17 *v. Holder*, 567 F.3d 466, 472-73 (9th Cir. 2009); *Fristoe v. Thompson*, 144 F.3d 627, 630 (10th
18 Cir. 1998). Accordingly, the disparate treatment of prisoners housed in different federal circuits
19 does not constitute an equal protection violation. *Id.*

20 Sterling's second claim is difficult to understand. He states "[i]t is irrational, arbitrary
21 and an abuse of discretion for the Commission to grant Petitioner parole on one hand and deny
22 parole on the other hand" and cites to his "Certificate of Parole, Exhibit 9." *See* (Petition,
23 Exhibit 9.) It appears that Sterling is confused as to why his parole hearing was first continued
24 to March of 2015, then parole was set retroactively to June 13, 2003, and then his parole hearing
25 was again continued to March of 2015.

26 Sterling's parole release date has gone through a number of changes, but these changes
27 are not evidence of caprice. Instead, they reflect a concerted effort on the part of the USPC to
28 follow the courts' directions.

Sterling's parole hearing was continued to March of 2015, after his parole hearing on March 15, 2000. (Respondent's answer, p. 3.) On April 15, 2003, however, Sterling filed his second Petition for Writ of Habeas Corpus arguing he was entitled to a parole release date within his guideline range. *Id.* When the District Court granted the petition, the USPC issued a Notice of Action setting Sterling's parole eligibility date to June 13, 2003. *Id.*, p. 4. The Tenth Circuit, however, reversed the District Court, and the USPC issued another Notice of Action vacating its prior ruling and reinstating Sterling's 15-year reconsideration date for March of 2015. *Id.*, pp. 4-5.

Sterling is correct when he asserts his parole determination has been changed at various times. These changes, however, were not made arbitrarily. They were done to conform to the courts' seesawing judgments.

In his third claim, Sterling argues the BOP erred when it restructured the running of his 5-year non-parole-eligible sentence for violating § 924(c). Sterling raised this issue in his third petition. The District Court addressed the claim on the merits and denied relief. (Respondent's answer, Exhibit 5, pp. 23-24; Exhibit 6.) This claim should be dismissed as successive. *See* 28 U.S.C. § 2244(a). In the alternative, the claim should be denied on the merits.

In *U.S. v. Gonzalez*, 520 U.S. 1, 7-8, 117 S.Ct. 1032, 1036 (1997), the Supreme Court considered the difficulties arising when a defendant is serving two consecutive federal sentences, one of which is for violating § 924(c). The Court found that running the § 924(c) sentence first would interfere with the authority of the trial court to run the second federal sentence concurrent to an existing state sentence. *Id.* In accordance with the Court's decision, the BOP revised its standard policies and recalculated Sterling's sentence running his robbery convictions first. The BOP's revision of Sterling's sentence was dictated by Court's decision in *Gonzales*. It was not error.

## RECOMMENDATION

The Magistrate Judge recommends that the District Court, after its independent review of the record, enter an order denying the Petition for Writ of Habeas Corpus. Claims 1 and 2

should be denied on the merits. Claim 3 should be dismissed as successive. In the alternative, Claim 3 should be denied on the merits.

Pursuant to 28 U.S.C. §636 (b), any party may serve and file written objections within 14 days of being served with a copy of this Report and Recommendation. If objections are not timely filed, they may be deemed waived.

The Clerk is directed to mail a copy of this Report and Recommendation to the petitioner and the respondent.

DATED this 7th day of January, 2011.

_____
Glenda E. Edmonds
United States Magistrate Judge